OPINION

This case concerns the Navajo-Hopi Intergovernmental Compact (Compact) that ended the “Bennett Freeze.” Appellants’ complaint seeks to enjoin the President, the Attorney General, the Director of the Navajo-Hopi Land Commission, and the “Navajo Nation” from violating their rights under the Navajo Bill of Rights through the Compact. The Court affirms the Tuba City District Court’s dismissal of the complaint, though on other grounds. The Court concludes that absent actual implementation of the Compact Appellants’ claims are not ripe for review
I
The facts are taken from Appellants’ allegations in their complaint. Appellants are individual Navajos and an unincorporated organization of Navajos called “The Forgotten People of the Bennett Freeze Community.” They have property rights to an area of the Navajo Nation formerly known as the “Bennett Freeze” area. That area is in the western part of the Navajo Reservation, and has been, until recently, subject to an order of the United States government known as the “Bennett Freeze.” That order prohibited local residents from making improvements on their land until the Navajo Nation and the Hopi Nation settled a lawsuit contesting ownership of the area.[1] Appellees are Joe Shirley Jr., President of the Navajo Nation, Louis Denetsosie, Attorney General of the Navajo Nation, Roman Bitsuie, Director of the Navajo-Hopi Land Commission, and the Navajo Nation.
The present suit arises out of the negotiation and approval of the Compact between the Navajo Nation and the Hopi Nation. Appellees Shirley, Denetsosie and Bitsuie negotiated and submitted the Compact for approval by the Navajo Nation Council.[2] The Compact, among other things, allows access to religious sites on both Reservations for Navajo and Hopi “Religious Practice,” and recognizes easements across land to allow such access. The specific locations of the sites are not disclosed in the Compact, and a map showing such locations is only available to elected officials implementing the Compact. Appellants allege their land is affected by the easements, or at least that they cannot know whether their lands are affected due to the secret nature of the maps showing the sites to be protected.
Appellants first filed a complaint in the Tuba City District Court (District Court) on April 1, 2006. After changing legal counsel, Appellants filed an amended complaint (“Substitute Complaint”) on November 2, 2006. In the Substitute Complaint, Appellants allege violations of their civil rights, including a taking of their property without just compensation, the establishment of Navajo and Hopi religion, violation *597 of their freedom of religion, and the denial of access to courts. The Substitute Complaint states the relief they seek as “temporary, preliminary and permanent relief, as may be appropriate, to enjoin enforcement of the Navajo-Hopi Compact in the Navajo Nation, or application to the plaintiffs and those similarly-situated” and “[a][d]eelar[ation] that the Compact cannot be enforced in the Navajo Nation or enforced in such a manner as to adversely affect the life, liberty, property, and pursuit of happiness rights of individuals within the Navajo Nation.” Substitute Complaint at 7.
While the case was pending, the Nation approved and signed the Compact. The Navajo Nation Council approved the Compact before Appellants filed their Substitute Complaint. After the filing of the Substitute Complaint, President Shirley signed the Compact on behalf of the Navajo Nation. The Secretary of Interior then approved the Compact, and the Navajo Nation and the Hopi Nation settled their lawsuit by the federal district court’s approval of the Compact. With these approvals, the “Bennett Freeze” is now lifted, allowing residents of the areas to make improvements to their land.
Appellants did not amend their Substitute Complaint at any time after the initial filing. Instead, Appellees filed a motion to dismiss, while Appellants filed a motion for summary judgment. The District Court ultimately dismissed the Substitute Complaint, stating that entering into the Compact was a “policy decision,” and Appellants’ suit was barred by the Navajo Nation Sovereign Immunity Act. The District Court dismissed the complaint under Rule 12(b)(6) of the Navajo Rules of Civil Procedure, concluding that Appellants’ complaint failed to state a claim for which relief could be granted. This appeal followed. The Court held oral argument at Grey Hills Academy High School in Tuba City on October 30, 2007.
II
The issues in this case are 1) whether the complaint for injunctive and declaratory relief is barred by sovereign immunity because Appellees made a “policy decision,” and 2) if the complaint should not have been barred for that reason, whether Appellants otherwise fail to state a claim for which relief can be granted, justifying the District Court’s dismissal under Rule 12(b)(6) of the Navajo Rules of Civil Appellate Procedure.
III
The Court reviews the District Court’s dismissal under Rule 12(b)(6) of the Navajo Rules of Civil Procedure de novo with no deference given to the District Court’s conclusion. Like the District Court, this Court assumes Appellants’ factual allegations to be true for purposes of its review. See Secatero v. Navajo Bd. of Election Supervisors, 6 Nav. R. 385, 389 (Nav.Sup.Ct.1991).
IY
The threshold issue in this case is whether Appellees have immunity from Appellants’ suit because Appellees made a “policy decision.”[3] The District Court dis *598 missed Appellants’ complaint under Subsection 554(F)(4)(a) of the Navajo Sovereign Immunity Act. Subsection F of the Act waives immunity for “any claim which is within the express coverage and not excluded by ... commercial liability insurance carried by the Navajo Nation ...” 1 N.N.C. § 554(F). Subsection F(4) lists exceptions to that general waiver. The District Court dismissed the complaint under the “policy decision” exception:
4. Notwithstanding any provision of this Subsection (F), there shall be no exception to the sovereign immunity of public entities, official employees or agents of the Navajo Nation from claims for injury or damage alleged to have been sustained by:
a. [p]olicy decisions or the exercise of discretion made by a public official, employee or agent in the exercise or judgment or discretion vested in the entity or individual.
1 N.N.C. § 554(F)(4)(a) (2005).
Appellants argue that the “policy decision” exception does not bar their suit. They contend that they seek injunctive and declaratory relief, and the exception the District Court used to dismiss their complaint only applies if the plaintiff seeks money damages under an insurance policy. In other words, Subsection F(4)(a) only applies if the plaintiff sues under Subsection F. Appellants argue that they are allowed to bring their action to enjoin alleged violations of their civil rights under the Act, and under “general” principles of sovereign immunity in Anglo-American law, Navajo Fundamental Law, and notions of “popular participation, popular sovereignty, and participatory democracy.” Appellants’ Brief at 22. Appellees argue the District Court correctly dismissed the Substitute Complaint under Subsection F(4)(a), and contend that the Subsection applies to all suits against them, whether for money damages under an insurance policy or for injunctive or declaratory relief.
The Court agrees with Appellants that they generally may file claims for injunc-tive and declaratory relief, and the “policy decision” exception does not apply. By its plain language, Subsection (F)(4)’s exceptions apply only to the insurance coverage waiver in Subsection F. The key language is “[notwithstanding any provision of this Subsection (F) there shall be no exception to ... sovereign immunity ... from claims for injury or damage.” The exceptions, including the “policy decision” exception, are clearly intended only to restrict suits under Subsection (F), that is, under an insurance policy for money damages. Suits seeking injunctive and declaratory relief are covered by a separate Subsection of the Act. Subsection G states that
any officer, employee or agent of the Navajo Nation may be sued in the courts of the Navajo Nation to compel him/her to perform his/her responsibility under the expressly applicable laws of the United States and of the Navajo Nation, which shall include the Bill of Rights of the Navajo Nation, as set forth in Chapter 1, Title 1, Navajo Nation Code.
1 N.N.C. § 554(G) (2005). That subsection limits the remedy to “declaratory or prospective injunctive relief.” 1 N.N.C. § G(1) (2005). However, there is no exception similar to Subsection (F)(a). Taken together, these provisions allow suits for injunctive and declaratory relief and there is no “policy decision” exception for these *599 kinds of suits. The District Court erred when it dismissed Appellants’ case, as Appellants can proceed under Subsection G of the Act.[4]
IV
While the Court holds that the District Court wrongly dismissed Appellants’ complaint under the “policy decision” exception, that does not mean Appellants’ Substitute Complaint can go forward. It is important to be clear on who the Appellants name as defendants, when they filed their Substitute Complaint, and what Appellants actually seek from their suit. First, Appellants name Joe Shirley, President of the Navajo Nation, Louis Denetsosie, Attorney General of the Navajo Nation, Roman Bitsuie, Director of the Navajo-Hopi Land Commission, and the Navajo Nation. They filed their Substitute Complaint after the Council approved the Compact, but before President Shirley signed it on behalf of the Nation, and before it was approved by the Secretary of Interior and the federal district court. They did not amend their complaint at any time after the filing of the Substitute Complaint. As noted above, the Substitute Complaint seeks to enjoin enforcement of the Compact, or its application to “the plaintiffs and those similarly-situated,” or a declaratory judgment that the Compact violates their rights and is unenforceable. Substitute Complaint at 7.[5] The Court must evaluate whether the Substitute Complaint states a claim by what Appellants actually seek and against whom they seek it. The Court cannot amend the complaint for Appellants to say what it does not say, or ignore that Appellants filed it when they did.
Under this analysis, the complaint clearly fails to state a claim. Appellants allege violations of the Navajo Bill of Rights and Navajo Fundamental Law. However, Ap-pellees have not violated these rights. At the time Appellants filed their complaint, all Appellees did was negotiate and submit the Compact for approval. They did not approve the Compact, and their actions by themselves did not take property, establish *600 religion, or otherwise- violate Appellants’ rights. Appellants cite no specific law that required Appellees to do anything other than submit the Compact for the approval or disapproval of the Council.
Further, The District Court cannot now enjoin Appellees from implementing the Compact, as the Substitute Complaint was filed before the Compact was approved, and does not allege that Appel-lees have taken any steps to implement it. The District Court cannot enjoin theoretical actions that have not yet occurred. Absent actual approval and implementation, Appellants have not yet suffered an injury that authorizes this Court or the District Court to intervene. Put another way, their claims are not ripe for review, as there are no facts that show actual effects on Appellants’ land.[6] This Court cannot issue advisory opinions based on alleged future injuries, and will not in this case. See Bizardi, 5 Am. tribal Law 467, 469, 2004 WL 5658531, *2 (2004); In re Navajo Bd. of Election Supervisors, 6 Nav. R. 302, 304 (Nav.Sup.Ct.1990). Appellants’ Substitute Complaint does not state a claim that the courts can grant, and dismissal under Rule 12(b)(6) of the Navajo Rules of Civil Procedure was appropriate.
Let the parties be clear on this Court’s holding. The Court makes no comment on the substantive provisions of the Compact or whether it does or does not violate the Navajo Bill of Rights, either on its face or as applied to individual Navajos in the former Bennett Freeze area. The Court makes no comment on whether Appellants in the future can enjoin Appellees or other government officials from implementing the Compact on their land. The Court also does not comment on whether the Navajo courts may enjoin the implementation of the Compact absent participation by the Hopi Nation or the United States and after approval by the federal district court. The Court only concludes that the Substitute Complaint as drafted states no claim against Appellees. Appellants are free to file another complaint against appropriate government defendants, subject to the provisions of the Sovereign Immunity Act, and seek injunctive or declaratory relief if and when the Compact is implemented in a way they believe violates their rights. The District can review the complaint, and decide whether it may hear Appellants’ claims. Appellants again may appeal any adverse decision to this Court.
V
Based on the above, the Court AFFIRMS the dismissal of Appellants’ complaint, though on other grounds.

. The dispute between the Navajo Nation and the Hopi Nation over land has been voluminously documented elsewhere, and its tragic history need not be repeated here.

. At least that appears to be the role of the Attorney General and the President. It is unclear from the complaint what role Appel-lee Bitsuie had in the negotiation and submission to the Council.

. It is unclear from the District Court's judgment what “policy decision” Appellees actually made. In some parts of the judgment, it appears the District Court believed the policy decision to be the negotiation of the Compact and its submission to the Council. In other places, the District Court appears to believe the approval of the Compact by the Nation, including the Navajo Nation Council, was the "policy decision” being attacked. Importantly, Appellants did not name the Council or its delegates in their complaint. But see I *598 N.N.C. § 554(G)(3) (barring naming delegates of Council as defendants in injunction action under Sovereign Immunity Act). The Council’s action to approve the Compact is not at issue in this case.

. Subsection G(3) bars Appellants from naming the President as a defendant for injunctive relief 1 N.N.C. § 554(G)(3) (2005). Further, though the “Navajo Nation” can be named as a separate defendant under certain circumstances, see Chapo v. Navajo Nation, 5 Am. Tribal Law 384, 388-89, 2004 WL 5658110, **2-4 (Nav.Sup.Ct.2004), Subsection G allows suits to enjoin “[ajny officer, employee or agent of the Navajo Nation,” 1 N.N.C. § G (2005), and does not include the Navajo Nation as a separate defendant. It is not necessary to decide whether these provisions bar all suits to enjoin the President or “the Navajo Nation” as a separate entity, as the Court decides that the Substitute Complaint fails to state a claim against all the named defendants for other reasons. See infra, Section IV.

. Throughout the discussion of this case before the District Court, in briefs to this Court, and at oral argument, there has been confusion about whether Appellants seek to block approval by the Council, to invalidate the whole Compact once passed, or to prevent the application of the Compact to Appellants’ land after approval. Appellants themselves seem to be unclear on what they want from this suit. Though their Substitute Complaint seeks an injunction, they state in their opening appellate brief that they are not seeking to enjoin the Compact, but merely seek a declaratory judgment that the process was not done in accordance with Navajo law. Appellants' Brief at 37. At oral argument, however, counsel for Appellants suggested they seek to perform "surgery” on the Compact, -which apparently means striking or enjoining application of certain parts of the Compact, but not invalidating the entire Compact. As the Court has to examine the complaint itself under Rule 12(b)(6) of the Navajo Rules of Civil Procedure, the Court will focus on the claims for relief in the Substitute Complaint, and not Appellants’ later representations.

. For instance, as the District Court noted, Appellants do not allege specific facts that support their claims of a "taking" under the Navajo Bill of Rights. It is unclear from the Substitute Complaint and the representations of the parties at oral argument how many, if any, of the Appellants will be directly affected by the easements for religious practices. Appellants’ counsel alleged that one of the Appellants seated at the table at oral argument lives within the path of the Hopi Salt Trail. However, that fact is not in the Substitute Complaint, and has no effect on whether the complaint fails to state a claim.